ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Jan-25 11:27:29
43CV-17-47
C23D01 : 10 Pages

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS

ARCARE, INC.                                                                    PLAINTIFF

v.                                   CASE NO. _____

QIAGEN NORTH AMERICAN
HOLDINGS, INC.                                             DEFENDANT

**CLASS ACTION COMPLAINT**

Plaintiff ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Qiagen North American Holdings, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendant as a class action. In support, Plaintiff states as follows:

**INTRODUCTION**

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements without providing an opt-out notice as required by law.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarking industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers clinical and pharmaceutical services and must use its fax machine to receive


EXHIBIT A

communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4.     The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5.     On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Defendant because it does business in Arkansas, including but not limited to sending the junk advertising faxes to Arkansas residents and companies, including Plaintiff ARcare. Defendant is registered to do business in Arkansas with the Arkansas Secretary of State and has designated as its agent of service Corporation Service Company, 300 Spring St., Suite 900, Little Rock, Arkansas 72201.[1]

6.     Venue in this district is proper because two of the ARcare facilities that received unsolicited junk faxes from Defendant are located in Lonoke County: England Medical and Carlisle Medical.

---

[1] Plaintiff originally sought to adjudicate this dispute by filing an action in the federal district court in Defendant's home state of incorporation – California. However, Defendant took the position that Plaintiff does not have Article III standing to remedy the invasion of its statutory rights in a federal court of limited jurisdiction. The federal court accepted Defendant's position and dismissed the action for lack of jurisdiction without prejudice. *See ARcare v. Qiagen North American Holdings, Inc.*, Case No. 2:16-cv-7638 (C.D. Cal Jan. 20, 2017). Consistent with Defendant's position and the Court's order, Plaintiff now files this action in this court of general jurisdiction consistent with Arkansas jurisprudence. *See Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (Ark. 1984) ("the courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct and to give relief at the instance of such persons." quoting 59 Am. Jur. 2d Parties § 26 (1971)); *Chubb Lloyds Ins. Co. v. Miller County Circuit Court,* 2010 Ark. 119, 361 S.W.3d 809, 812 (Ark. 2010) (holding that the issue of standing "'is a question of state law,'" and "'federal cases based on Article III of the U.S. Constitution are not controlling.'" quoting David Newbern & John Watkins, 2 Arkansas Civil Practice and Procedure, § 7-3 at 155 (4th ed. 2006)). As detailed in this Complaint, Plaintiff's statutory rights under the TCPA have been invaded by Defendant's acts of transmitting unsolicited junk faxes without the required opt-out notice; accordingly, Plaintiff has standing to adjudicate this action in Arkansas state court.

## PARTIES

7.     Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

8.     Defendant Qiagen North American Holdings, Inc. is a company that develops technologies and products for separating and purifying nucleic acids and for sampling and assaying procedures. It is

## FACTS

9.     On May 31, 2016, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine located at Wynn Medical Clinic in Cleburne County, Arkansas. The fax promotes the availability of Defendant's QuantiFERON –TB Gold product, imploring the recipient to "**save time for both you and your patients by ordering the most accurate test for TB infection, QuantiFERON –TB Gold, from your trusted laboratory partner.**" (emphasis in original). The fax invites the recipient to contact Defendant for further information about the product: "Should you have any additional questions or comments about QuantiFERON –TB Gold, please feel free to contact us at QFTinfo@qiagen.com." (emphasis in original).  A copy of this facsimile is attached hereto and marked as Exhibit A.

10.     Exhibit A is exemplary of the junk faxes Defendant sends.

11.     Upon information and belief, Plaintiff has received multiple fax advertisements from Defendant similar to Exhibit A.

12.     On July 27, 2016, Plaintiff received an additional five faxes from Defendant, 3 atEngland Medical  in Lonoke County and 2 at Carlisle Medical in Lonoke , County. These have been attached as Exhibit B.

3

13. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

14. Defendant's faxes do not contain opt-out notices that comply with the requirements of the TCPA.

## CLASS ALLEGATIONS

15. In accordance with Ark. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that (1) promoted the commercial availability or quality of property, goods, or services offered by "Qiagen," and (2) did not (i) provide a toll-free telephone number and facsimile number where the fax recipient may make a request to the sender not to send any future ads nor (ii) inform the fax recipient that the sender's failure to comply within 30 days of such a request is unlawful.

16. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

17. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

18. <u>Numerosity</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

19. <u>Commonality</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

4

    (a)    Whether Defendant sent faxes advertising the commercial availability of property, goods, or services;

    (b)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other fax advertisements;

    (c)    Whether Defendant faxed advertisements without first obtaining the recipient's prior express permission or invitation;

    (d)    Whether Defendant's advertisements contained the opt-out notice required by law;

    (e)    Whether Defendant sent the fax advertisements knowingly or willfully;

    (f)    Whether Defendant violated 47 U.S.C. § 227;

    (h)    Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

    (i)    Whether the Court should award treble damages; and

    (j)    Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

20.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

21.    <u>Fair and Adequate Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

22. <u>Predominance and Superiority</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    (a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    (c) Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

    (d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

    (e) This case is inherently well-suited to class treatment in that:

        (i) Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

        (ii) Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

        (iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT I
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

23. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

24. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

25. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

26. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a

person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

27. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

28. Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

29. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibit A is an advertisement.

30. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax

machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

31. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Determine that this action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure;

b) Declare Defendants' conduct to be unlawful under the TCPA;

c) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d) Enjoin Defendants from additional violations;

e) Award Plaintiff and the Class their attorney's fees and costs;

f) Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: January 25, 2017                    Respectfully submitted,

By:   */s/ Hank Bates*
Joseph Henry (Hank) Bates
hbates@cbplaw.com
Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone:   (501) 312-8500
Facsimile:   (501) 312-8505

and

Jerry Kelly
KELLY LAW FIRM
118 North Center Street
Lonoke, AR 72086-2806
(501) 676-5770
jkelly@kellylawfirm.net